UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LOUIS F. BOTTORFF,

   Petitioner

v.           CIVIL NO. 1:CV-01-0873

STATE OF FLORIDA, et al.,    (Judge Kane)

   Respondent

FILED
HARRISBURG, PA
JUN 2 2 2001
MARY E. D'ANDREA, CLERK
Per _____
   Deputy Clerk

### ORDER

**Background**

   This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Louis F. Bottorff, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Along with his petition, Bottorff has filed an application for leave to proceed in forma pauperis. For the reasons outlined below, petitioner will be granted temporary in forma pauperis status for the purpose of filing this action. However, since the petitioner challenges future confinement based on a detainer growing out of a state conviction, this petition should be considered as an action under § 2254. The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

Certified from the record
Date 6-22-01
Mary E. D'Andrea, Clerk
Per _____
  Deputy Clerk

The named respondents are the State of Florida, and USP-Lewisburg Warden Donald Romine. The Petitioner states that he is not challenging his ongoing federal sentence, but is "attacking a future sentence". Specifically, he states that "a detainer has been lodged with the federal government by the County of Hillsborough, Florida, seeking to extradite the movant for the purpose of executing a fifteen year old sentence imposed in 1986". (Doc. No. 1, petition). Although petitioner does not provide specific dates, it appears from his petition that he was sentenced to two consecutive eleven (11) year state sentences, ordered to run consecutive to his federal sentence. Id. He argues that the state court "lost all jurisdiction over [him] when they relinquished jurisdiction to the federal government for the purpose of [petitioner] to serve a presumptive twenty-five year sentence". Id. Petitioner believes that "punishment and rehabilitation has occurred during the past fifteen years the petitioner has been incarcerated". Thus, he seeks to have the Florida charges deemed a "lesser-included offense in the federal indictment". Id.

This court recognizes that a petition for writ of habeas corpus is the proper vehicle for challenging the legality of a detainer. However, since Bottorff is challenging future confinement based on a detainer arising out of a state criminal proceeding, his petition will be construed as seeking habeas relief under 28 U.S.C.

2

§ 2254. See <u>Jones v. Federal Bureau of Prisons</u>, Civil No. 1:CV-99-1448, slip op. at 3 (M.D. Pa. October 22, 1999) (Rambo, J.). It is also noted that federal habeas relief is only available if the applicant has exhausted the remedies available to him in the state which issued the detainer. See <u>United States ex rel. Jennings v. State of Pennsylvania</u>, 429 F. 2d 522, 523 (3d Cir. 1970).

Title 28 U.S.C. § 1404(a) provides that: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." Since habeas corpus proceedings are civil in nature, they are subsumed under the phrase "any civil action." See <u>United States ex rel. Meadows v. State of New York</u>, 426 F.2d 1176 (S.D. N.Y. 1970). With this provision in mind, the action could have been brought in the United States District Court for the District of Florida and the Middle District of Pennsylvania is not a convenient forum within which to attack a detainer lodged by another state. See <u>Hoffman v. Blaski</u>, 363 U.S. 335 (1960) (Where a prisoner brings an action in the district of confinement attacking a detainer lodged by another state, the court can, of course, transfer the suit to a more convenient forum); See also <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973) (The state holding the prisoner in immediate confinement acts as agent for the demanding state (the principal), the custodian state is presumably indifferent to the

3

resolution of the prisoner's attack on the detainer, and the action could be transferred to the district court in the demanding state). The validity of a detainer issued by the State of Florida, and a decision as to whether Bottorff has exhausted his available Florida state court remedies are best determined by a federal judge familiar with the laws of that state.

Petitioner states that his underlying state convictions occurred in Hillsborough and Pasco counties which are both located within the confines of the United States District Court for the Middle District of Florida. Pursuant to §1404(a), Bottorff's petition will be transferred to the Middle District of Florida. An appropriate order will enter.

NOW, THEREFORE, THIS 21st DAY OF JUNE, 2001, IT IS HEREBY ORDERED THAT:

1. Petitioner is granted temporary in forma pauperis status.
2. The petition for writ if habeas corpus is construed as seeking relief under 28 U.S.C. § 2254.
3. The Clerk of Court is directed to transfer this case to the United States District Court for the Middle District of Florida. See 28 U.S.C. § 1404(a).
4. The Clerk of Court is directed to close the case.

_____
YVETTE KANE
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

June 22, 2001

Re:  1:01-cv-00873   Bottorff v. State of Florida

True and correct copies of the attached were mailed by the clerk to the following:

```
Louis F. Bottorff
USP-LEW
U.S. Penitentiary at Lewisburg
06324-018
P.O. Box 1000
Lewisburg, PA  17837
```

```
cc:
Judge                        (✓)        (✓) Pro Se Law Clerk
Magistrate Judge             ( )        ( ) INS
U.S. Marshal                 ( )        ( ) Jury Clerk
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       ( )
Bureau of Prisons            ( )
Ct Reporter                  ( )
Ctroom Deputy                ( )
Orig-Security                (✓)
Federal Public Defender      ( )
Summons Issued               ( )  with N/C attached to complt. and served by:
                                  U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5          ( )
Order to Show Cause          ( )  with Petition attached & mailed certified mail
                                  to: US Atty Gen  ( )   PA Atty Gen  ( )
                                      DA of County ( )   Respondents  ( )
Bankruptcy Court             ( )
Other_____ ( )
```

MARY E. D'ANDREA, Clerk

DATE:  6-22-01                         BY: _____
                                            Deputy Clerk